UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Z.H., individually and on behalf of Z.H., a child with disability,

      *Plaintiff*,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

      *Defendant.*

**COMPLAINT**

Case No.

---

Z.H., individually and on behalf of Z.H., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).

2. Plaintiff Z.H. ("Parent") and Z.H. ("Student") reside in Kings County, State of New York.

3. Student is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

4. Parent is the parent of Student as defined by IDEA, 20 U.S.C. § 1401(23).

5. Defendant, New York City Department of Education, is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the

fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

8. Student was born in 2001.

9. Student has been classified as a student with other health impairment by Defendant's Committee on Special Education.

10. By due process complaint (DPC) to the Defendant dated March 18, 2021, Plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

11. The matter was assigned case number 207359.

12. Plaintiff's DPC demanded, *inter alia,* a finding that Defendant did not provide Student with a free appropriate public education (FAPE) pursuant to IDEA, during the 2020-2021 school year.

13. As relief, Plaintiff's DPC requested, among other things, that Defendant fund an independent neuropsychological evaluation at a rate of $5,500, fund an independent vocational assessment at a rate of $1,200.00, fund transportation costs associated with the performance of both independent evaluations, develop an Individualized Education Program (IEP) to recommend appropriate programming for the school year, and extend eligibility to appropriately transition the Student from public education to adult life.

14. The Defendant appointed Sharyn Finkelstein as impartial hearing officer (IHO).

15. On December 28, 2021, IHO Finkelstein held a status hearing for purposes of discussing the issues raised in Plaintiff's DPC, and Defendant's position as to the claims raised in the DPC.

16. The Defendant held a resolution meeting which resulted in a partial resolution of relief sought in Plaintiff's DPC, particularly, Defendant was to provide the Student with five hundred (500) hours of Special Education Teacher Support Services not to exceed a rate of $140.00 per hour.

17. IHO Finkelstein held a hearing on the merits on February 11, 2022, during which, Defendant did not make an opening statement, enter any evidence, or call any witnesses.

18. At the hearing on the merits, Plaintiff made an opening statement and entered ten (10) exhibits into the record, including two testimonial affidavits from witnesses, and further presented direct testimony from two witnesses to support the claims and relief specified in Plaintiff's DPC.

19. On March 6, 2022, IHO Finkelstein issued a Findings of Fact and Decision (FOFD) finding a denial of FAPE by the Defendant and ordering relief, including, funding by Defendant for a neuropsychological evaluation from a provider of Parent's choice not to exceed $6,000, funding by Defendant of a vocational assessment by a provider of Parent's choice, and for the Defendant to hold a CSE meeting within two weeks of the completion of the above-referenced evaluations.

20. On August 12, 2022, Plaintiff, through her counsel, submitted a demand for attorneys' fees for case number 207359 to Defendant's Office of Legal Services.

21. On August 16, 2022, Defendant advised Plaintiff's counsel via email that the fee demand for case number 207359 had been received and that attorney Jeni St. George had been assigned to the fee claim.

22. Defendant did not present a fee offer to Plaintiff's counsel until March 1, 2023, at which time the parties were unable to resolve the claim.

## FIRST CAUSE OF ACTION

23. Plaintiff repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff Parent having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

25. Plaintiff Parent initiated an impartial hearing on behalf of her daughter Student under case number 207359.

26. Plaintiff Parent prevailed at the impartial hearing by obtaining a decision and order from IHO Finkelstein ordering the relief sought by Plaintiff in her DPC.

27. On August 12, 2022, Plaintiff, through her counsel, submitted a demand for attorney's fees to Defendant's Office of Legal Services.

28. After acknowledging the fee demand and assigning a settlement attorney to the demand, the parties were unable to resolve Plaintiff's claim for attorneys' fees.

29. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks postjudgment interest to deter any further delay of payment by Defendant following any judgment for attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 207359 pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(3) Award to the Plaintiff the costs, expenses and attorneys' fees for this action pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(4) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
April 13, 2023

Respectfully submitted,

s/ Kevin M. Mendillo
CUDDY LAW FIRM, PLLC
Kevin M. Mendillo
*Attorneys for Plaintiffs*
5693 South Street Road
Auburn, New York 13021
(315) 370-4020