

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARTHA NIMMER**
Tel.: (917) 499-8632
mnimmer@law.nyc.gov

January 9, 2024

**VIA ECF**
Hon. Edgardo Ramos
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   *Z.H. v. N.Y.C. Dep't of Education,* 23-cv-3081 (ER)(OTW)

Dear Judge Ramos:

    I am a Special Assistant Corporation Counsel in the Office of Corporation Counsel, the Honorable Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, as well as for this action.

    Now that the parties have filed a proposed Case Management Plan (ECF No. 16), the parties write jointly to respectfully request that (i) the Jan. 11, 2024 initial conference be adjourned *sine die*, and (ii) the Court enter the following briefing schedule:

- Plaintiff's motion for fees due Feb. 19, 2024;
- Defendant's opposition due March 21, 2024; and
- Plaintiff's reply due April 1, 2024

    The parties apologize for the lateness of this request and any inconvenience to the Court. This is the second request to adjourn the initial conference *sine die*. The first request was made on December 20, 2023, but the Court adjourned the conference to Jan. 11, 2024. A conference in this case would not be fruitful because on Oct. 3, 2023, Defendant served Plaintiffs with a final written offer of settlement pursuant to 20 U.S.C. §1415(i)(3)(D) ("Offer").[1]  As of that

---

[1] Sec. 1415(i)(3)(D) provides as follows:
Prohibition of attorneys 'fees and related costs for certain services.
(i)In general. Attorneys 'fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—

Offer, Defendant has fully valued this case, and is confident that if the case goes to briefing, the Offer will serve to cut off any recovery for work performed beyond that date.

Guided by recent fees decisions and recommendations from the S.D.N.Y.,[2] Defendant has determined that not only would it be unable to obtain authority exceeding the Offer that it regards as both fully and intentionally overvalued to serve its intended protective intent to cut off any additional attorneys' fees, but it would substantially nullify the purposes of the written offer provisions of the IDEA, rendering such offers the start, rather than necessarily the firm end, of settlement posturing by both sides. In short, should Plaintiffs' counsel be encouraged to take IDEA written offers, or Rule 68 offers of judgment, as merely an invitation to mediation or negotiation, the purpose and intended effect of such offers will be lost. Indeed, plaintiff's counsel here has been admonished by Judge Abrams to carefully consider reasonable settlement offers by the DOE before proceeding to motion practice. *See C.L. v. Dep't of Educ.*, 21-cv-7094 (RA) (Sept. 29, 2022).

Accordingly, Defendant respectfully requests that the initial conference, currently scheduled for January 11, 2024, be adjourned *sine die*, and the Court enter the proposed briefing schedule. Thank you for considering these requests.

Respectfully submitted,

/s/
Martha Nimmer, Esq.
Special Assistant Corporation Counsel

---

(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
(II) the offer is not accepted within 10 days; and
(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

[2] *See e.g., Y.S. v. DOE,* 21-cv-5878 (JPC)(BCM) (DOE offered $31,100.00, Judge Cronan "fee capped" at **$25,223.75**); *H.W.,* 21-cv-8604 (JLR)(SN) (DOE offered $27,434.00; Judge Rochon "fee capped" at **$21,386.29**); *F.R.,* 22-cv-1776 (VEC)(GWG) (DOE offered $40,750.00 ; Judge Caproni "fee capped" at **$39,760.37**); *E.W.*, 21-cv-11208 (VEC)(GWG) (DOE offered $28,000.00; Judge Caproni "fee capped" the award at $37,286.08); *M.Z.,* 21-cv-9451 (AT)(JLC) (DOE offered $16,000.00; Judge Torres "fee capped" the award at **$15,819.86**); *N.A.,* 21-cv-2643(PGG) (DOE offered **$29,720.00**; Judge Gardephe "fee capped" the award at **$26,392.05**); *M.R.*, 21-cv-5503 (VEC), 2022 U.S. Dist. LEXIS 198294 (DOE offered **$28,000.00**; Judge Caproni "fee capped" the award at *$23,977.87*); *V.W.*, 21-cv-6495 (PGG) (KHP), 2022 U.S. Dist. LEXIS 179510 (R&R, Plaintiff's Objections pending: DOE offered **$27,500**; Magistrate Judge Parker "fee capped" the award at *$27,340.47*); *K.E.*, 2022 U.S. Dist. LEXIS 172839 (DOE offered **$67,500.00**; Your Honor "fee capped" the award at *$63,083.27*); *T.A.*, 21-cv-7104, 2022 U.S. Dist. LEXIS 149319 (GHW) (DOE offered **$20,256.90**; Judge Woods "fee capped" the award at **$19,079.50**); *R.P.*, 2022 U.S. Dist LEXIS 76873 (DOE offered **$19,192.50**; Judge Furman "fee capped" the award at *$18,007.02*); *F.N.*, 21-cv-3379 (JPO), 2022 U.S. Dist. LEXIS 148346 (DOE offered **$21,022.50**; Judge Oetken "fee capped" the award at **$19,927.00**); *H.C.,* 2021 U.S. Dist. LEXIS 113620 (DOE offered **$40,001.00**; Judge Cott "fee capped" the award at **$38,951.31**). In each of the foregoing cases, plaintiffs were precluded from recovery fees for all work performed after the date of DOE's written offers.

cc:    Kevin Mendillo, Esq. (via ECF)

---

The January 11 initial conference is canceled.  The proposed briefing schedule for Plaintiff's motion for fees is approved.
SO ORDERED.

_____
Edgardo Ramos, U.S.D.J.
Dated: 1/9/2024
New York, New York